UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MANOLO RIVERA, et al.,

                Plaintiffs,

      v.

POWRUI, LLC, SHENZEN ANHAORUIHE
ELECTRONICS CO., LTD.,

                Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-cv-5808 (JMA) (LGD)

FILED
CLERK

3/31/2025 3:28 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Currently pending before the Court are Plaintiffs' Objections to Magistrate Judge Dunst's denial of Plaintiffs' motion to amend. For the reasons stated below, Plaintiffs' Objections are overruled and Judge Dunst's denial of Plaintiffs' motion to amend is affirmed.

**A. Background and Procedural History**

Familiarity with all the parties' numerous filings on ECF is assumed.

In September 2022, Plaintiffs filed their Complaint alleging patent infringement as well as false advertising and unfair competition claims. (ECF No. 1.) Plaintiffs' Complaint referenced a 15-page "claim chart" detailing the alleged infringement of Plaintiff's patent (the '460 Patent). (Id.) A copy of the claim chart was attached as an exhibit to the Complaint. (Id.)

After Defendants submitted pre-motion conference letters concerning a proposed motion to dismiss, and Judge Dunst held a pre-motion conference concerning that request, Defendants filed a motion dismiss Plaintiffs' patent infringement claims. The parties consented to Judge Dunst for a decision on the motion to dismiss. (ECF Nos. 23, 24.)

Claim 1 of the '460 Patent states, in relevant part, that a "multipurpose wall outlet comprising . . . at least one <u>output</u> mounted to the support structure; at least one out electrical outlet mounted to the support structure." ('460 Patent, Compl. Ex. A, ECF No. 1 (emphasis

added).) In their motion papers, the parties disputed whether "output" in Claim 1 required internet connectivity.

On September 21, 2023, Judge Dunst issued an oral ruling on the motion to dismiss. In his ruling, Judge Dunst explained:

> [T]he 460 Patent clearly envisioned and is limited to an Internet connection. The 460 Patent specification under the so-called field of invention clearly states as follows: "The present invention relates to all outlet devices for providing 2 power and Internet connectivity." And in addition under the background of invention provision that clearly states: "Because many modern electronic devices require both power and an Internet connection to function properly, there is a need in the arc [sic] for an inclusive device that will provide a power to source as well as a connection to the Internet." I certainly find that supports the limitation of a patent to Internet connection. . . . I think the patent clearly intends a separate output for Internet connectivity. Therefore, I'm going to grant with prejudice the Motion to Dismiss the 460 Patent infringement claim regarding Internet connectivity.

(Sep. 21, 2023 Tr. 8–9, ECF No. 35.)

On October 2, 2023, Judge Dunst set various deadlines, including an October 22, 2023 deadline for any proposed amendments of the pleadings. (Oct. 2, 2023 Order.) On October 22, 2023, Plaintiffs submitted a Proposed Amended Complaint ("PAC") via letter motion. (ECF No. 38.) The PAC, which included 89 paragraphs and 18 footnotes, referenced various claim charts as exhibits. (Id.) Plaintiffs attached copies of the PAC to their letter motion, but did not include any of the exhibits to the PAC.

Defendants filed an opposition to Plaintiff's letter motion on November 1, 2023, asserting that the motion to amend should be denied on the grounds of undue delay and futility. (ECF No. 41.)

On November 6, 2023, Judge Dunst denied Plaintiffs' letter motion to amend without prejudice, explaining:

2

> Plaintiff's letter motion does not cite Fed. R. Civ. P. 15(a) or any case law governing amendment of pleadings. On 11/1/2023, Defendant filed its opposition to the motion, citing various Federal Rules of Civil Procedure and case law. DE 41. As noted, Plaintiff makes no effort to address the relevant legal standard. The so-called "motion" is devoid of any reference to any legal support and thus violates Local Rule 7.1(a)(2) requiring citation to "the cases and other authorities relied upon in support of the motion." See generally Restivo v. Hessemann, 846 F.3d 547, 592 (2d Cir. 2017) (holding that it is not "the district court's job either to do the [parties'] homework or to take heroic measures aimed at salvaging the [parties] from the predictable consequences of self-indulgent lassitude." (internal quotations omitted)). . . . Any further relief sought by Plaintiff shall comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and the undersigned's Individual Practice Rules.

(Nov. 6, 2023 Order.)

More than two months later, on January 17, 2024, Plaintiffs filed a pre-motion conference letter concerning a proposed amended complaint. (ECF No. 42.) Judge Dunst's November 6, 2023 Order did not indicate that a pre-motion conference letter was required for this motion to amend.

On January 23, 2024, Plaintiffs submitted a largely identical letter motion to amend and requested that their January 17 pre-motion conference letter be withdrawn. (ECF No. 43.) Attached to this letter motion were various exhibits, including a Revised Proposed Amended Complaint ("RPAC"). (ECF No. 43-2.) The RPAC cites to various "infringement claim chart[s]" for each of the allegedly infringing products identified therein. (Id.) Although the RPAC identifies these claim charts as exhibits to the RPAC, Plaintiffs again did not include any of these exhibits.[1]

Defendants responded to Plaintiffs' January 23, 2024 letter, reiterating many of the arguments that they had previously raised in their November 1, 2023 letter. (ECF No. 44.)

On February 13, 2024, Judge Dunst held a telephone conference with the parties and orally denied Plaintiffs' motion. (Feb. 14, 2024 Tr., ECF No. 47.) Judge Dunst evaluated the motion to amend under the standards applicable to Federal Rule of Civil Procedure 15 and concluded that

---

[1] Plaintiffs' letter motion asserts that these exhibits were not included in order to "reduce the filing size." ECF No. 43.

3

Plaintiffs had unduly delayed filing this amended complaint and that Plaintiffs' newly raised patent claims were also futile. (Id.)

On February 27, 2024, Plaintiffs filed objections to Judge Dunst's denial of their motion to amend. (ECF No. 47.) After Defendants filed their opposition to Plaintiffs' objection, Plaintiffs requested permission to file a reply brief.[2] (ECF Nos. 48, 49.)

**B. Standard of Review**

Courts in the Second Circuit are divided over whether motions to amend are considered dispositive or non-dispositive motions. Reed v. City of New York, No. 20-CV-8352 (MMG), 2024 WL 3674852, at *1 n.1 (S.D.N.Y. Aug. 5, 2024) (surveying cases). Relatedly, courts are divided over the applicable standard of review when a party objects to, or appeals, a magistrate judge's decision on a motion to amend. Id. Some courts have viewed all motions to amend as non-dispositive "regardless of the grounds on which it is decided." Id. (quoting Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. PVT Ltd., 338 F.R.D. 579, 583 n.4 (S.D.N.Y. 2021). "'Other courts within the Second Circuit make a distinction between denials based on undue delay or prejudice, which are viewed as non-dispositive, and denials based on futility, which are viewed as akin to the grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and therefore dispositive.'" Id. (quoting Adams v. Bloomberg L.P., 2024 WL 3269274, at *1 n.1 (S.D.N.Y. July 2, 2024)).

This Court assumes that Judge Dunst's denial of the motion to amend based on undue delay is reviewed for clear error, while his determination that the proposed amended complaint was futile is reviewed de novo. These general standards of review, however, are still subject to the important principle that "district courts will ordinarily refuse to consider arguments, case law and/or

---

[2] Plaintiffs' proposed reply brief contains additional arguments and new evidence, including an unsworn statement from Plaintiff Manolo Rivera. (ECF No. 49.) The Court denies Plaintiffs' request to submit this reply brief. Plaintiffs already had numerous opportunities to submit a proposed amended complaint and to advance arguments in support of that pleading. Given all the circumstances here, the Court declines to consider any new evidence or arguments that were not presented to Judge Dunst.

4

evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." Chiaro v. Cnty. of Nassau State of New York, No. 09-CV-3702, 2011 WL 3702110, at *4 (E.D.N.Y. Aug. 23, 2011) (quoting Travelers Ins. Co. v. Estate of Garcia, No. 00 Civ. 2130, 2003 WL 1193535, at * 2 (E.D.N.Y. Feb. 4, 2003)), aff'd, 488 F. App'x 518 (2d Cir. 2012).

## C. Undue Delay

Judge Dunst's decision to deny Plaintiffs' motion for leave to amend on the basis of undue delay was not clearly erroneous.³ (See Feb. 13, 2024 Tr. 9.) And, even if de novo review applied here, this Court would similarly conclude that Plaintiffs' undue delay warranted denial of their motion to amend. (See Feb. 13, 2024 Tr. 9.)

Plaintiffs' objections advance certain additional and expanded excuses in an attempt to justify their delay. The Court, however, declines to consider any points that were not previously presented to Judge Dunst when the motion to amend was originally briefed. See Chiaro, 2011 WL 3702110, at *4. Notably, before ruling at the February 13, 2024 conference, Judge Dunst even asked the parties if they had "anything else that they want to add to [their] submissions." (Feb. 13, 2024 Tr. 5.) Plaintiffs explicitly declined this invitation.⁴ (Id.) In any event, even if the Court were consider all of Plaintiffs' additional arguments, the Court would still deny the motion to amend on the basis of undue delay.

---

³ Although not explicitly cited by Judge Dunst, the Court also finds compelling the fact that when Judge Dunst held a pre-motion conference for the first motion to dismiss on April 28, 2023, Plaintiffs were, indisputably, already aware of one of the "smart plugs" cited in the RPAC. (See ECF No. 41.) Plaintiffs, however, did not attempt to amend the complaint to include this product until months later, and only did so after Judge Dunst construed the "output" claim in Defendants' favor.

⁴ The Court also notes that Plaintiffs' objections include a copy of a lengthier draft motion to amend that Plaintiffs were allegedly planning to file. (ECF No. 46.) Plaintiffs assert that they did not file this draft motion because they believed that they were limited to a 5-page letter motion pursuant to Judge Dunst's individual rules. Plaintiffs, however, never attempted to file this lengthier motion with Judge Dunst, and did not move for leave to file excess pages. Nor did Plaintiffs reference it when Judge Dunst asked the parties at the February 13 conference if they had anything to do add to their submissions.

5

Plaintiffs' undue delay in filing their motion to amend is sufficient, standing, alone to overrule Plaintiff's objections and to affirm Judge Dunst's denial of Plaintiffs' motion to amend.

**D. <u>Futility</u>**

Judge Dunst also denied the motion to amend on the basis that new claims claims in the RPAC would be futile. As noted above, the Court reviews this objection <u>de</u> <u>novo</u>.

Judge Dunst's discussion of futility at February 13 conference focused on Plaintiffs' arguments that although certain products at issue did not create their own internet output, those products still purportedly included the "internet connectivity" required by Judge Dunst's prior claim construction. (Feb. 13, 2024 Tr. 7–8.) Plaintiffs insist that these products are nevertheless still infringing because end users could connect their own internet enabled devices (such as their phones) to Defendants' charging products and that this would create the requisite internet connectivity. Judge Dunst rejected Plaintiffs' arguments concerning these claims and correctly found these claims were futile. (Feb. 13 Tr. 7–9.) The Court overrules Plaintiffs' objections concerning these products, which are meritless.

Plaintiffs also object to Judge Dunst's futility determination on a separate ground, arguing that Judge Dunst misunderstood the factual allegations in the RPAC concerning five infringing products that included WiFi capabilities. Plaintiffs contrast these five products with the other class of products discussed above that did not have their own WiFi capabilities (and for which the only potential internet connectivity would have to be created by the user's own additional device, such as a phone, being plugged into the charger). While Judge Dunst did not separately address the products that purportedly had their own Wi-Fi capabilities, Judge Dunst denied the motion to amend in its entirety as futile. The Court agrees that Plaintiffs' claims concerning these other products are also futile.

6

As an initial matter, the Court finds that Plaintiffs' January 23, 2024 letter motion to amend did not sufficiently raise the arguments Plaintiffs now advance and that, as such, Plaintiffs failed to properly preserve these arguments as a basis for objections.

The only portion of Plaintiffs' motion to amend that addresses this category of products and even attempts to assert that the RPAC states a plausible infringement claim concerning these products is the passage quoted below:

> (2) **Infringement of Claim 1 of the '460 Patent Under 35 USC § 271(a)**
>
> The [RPAC] implements this Court's recent decision that internet capability is required to infringe the '460 patent. Plaintiffs assert direct infringement under Claim 1 of the '460 patent for several products, either literally or under the doctrine of equivalents. This includes the AHRise and Geeni products.

(ECF No 43 at 3 (underlining and bolded text in original).)

This passage does not include a single citation to any specific paragraphs of the RPAC, which is 30 pages long, contains 115 paragraphs, includes 27 footnotes, and references multiple Geeni products. Nor does it attempt to explain how these products are infringing or why these claims are not futile.

Additionally, this paragraph from Plaintiffs' January 23, 2024 letter motion contrasts starkly with Plaintiffs' objections concerning this issue, which span multiple pages, include specific citations to the RPAC, and at least make some attempt to try to explain why this claim is not futile in light of Judge Dunst's prior claim construction.[5] (ECF No. 46 at 3–6.)

Plaintiffs' January 23, 2024 letter motion was therefore insufficient to preserve the arguments that Plaintiffs now seek to raise in their objections about their "wifi-enabled" products.

---

[5] The deficiencies in Plaintiffs' January 23, 2024 letter motion are even more inexcusable given that this was Plaintiffs' third attempt to file an amended complaint. Plaintiffs initially attempted to amend the complaint by way of their October 22, 2023 letter motion. Defendants filed a substantive response to that letter on November 1, 2023, explaining why this category of claims was futile. Judge Dunst then denied Plaintiff's motion without prejudice because it failed to cite legal support and made no effort to address the relevant legal standards. Thus, when Plaintiffs filed their renewed letter motion to amend on January 23, 2024, Plaintiffs already had the benefit of previewing Defendants' arguments concerning this category of products and still made no effort to address those arguments or explain why the infringement claims for these products were not futile.

See Chiaro, 2011 WL 3702110, at *4 (finding that conclusory statement in plaintiff's filing before magistrate judge that was "unaccompanied by citation to the record" was "insufficient to raise" issue that plaintiff subsequently sought to argue in his objections), aff'd, 488 F. App'x 518 (2d Cir. 2012).

Not only were Plaintiffs' arguments to Judge Dunst insufficient, but so were the factual allegations in the RPAC. "[A] plaintiff cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements." Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1353 (Fed. Cir. 2021). "There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." Id.

The relevant sections of the RPAC state:

Judicial Ruling on Internet Capabilities

23. This Court has ruled that the invention of the '460 requires internet capabilities. Since the Court's ruling, Plaintiff identified two wifi-enabled multipurpose outlets that are directly marketed and sold by Defendant for purchase in the United States. Each of these meet the elements of Claim 1 of the '460 patent.

24. These include: 24. A "Smart Plug, USB Wall Charger, AHRISE Wifi Surge Protector with 4 USB ports (4.AA/ 24W Total), 6-Outlet Extender (3 Smart Outlets)." This is sold on amazon.com with the product ID B07VV2MGMC. An infringement claim chart for this product is included as **Exhibit E**.

25. A "Smart Plug (2.4G Only), USB Wall Charger, POWRUI Wifi Surge Protector with 4 USB Charging Ports (4.8 A 24W) and 3 Smart Outlet Extender." This is sold on amazon.com with the product ID B07RRRQ4KJ. An infringement claim chart for this product is included as **Exhibit F**.

26. The marketing website describes two other wifi-enabled chargers under Model AHR-085. One variant has two USB ports and the other has three USB ports. However, Plaintiffs cannot verify that these are currently on sale, or if these represent discontinued products that were once on sale. Nonetheless, Plaintiffs believe that these products also infringe the '460 patent, as demonstrated by the infringement claim charts, included as Exhibits G and H, respectively.

> 27. Defendant's marketing and sale of the four aforementioned products constitute infringement of Claim 1 of the '460 patent, either literally or under the doctrine of equivalents, under 35 USC § 271(a).
>
> 28. Plaintiff identified two products that, upon information and belief, are produced by Defendant for sale in the United States in collaboration with other companies.
>
> 29. The first product is the "Geeni Wi-Fi Smart Wall Outlet with 2 Plugs and Wireless App Control, Compatible with Alexa and Google Home, WiFi Smart Outlet, 2 Pack" that is 4 available on amazon.com . An infringement claim chart for this product is included as **Exhibit I.**

(RPAC, ECF No. 43-2.)

These barebones allegations do not plausibly allege that these products infringe Claim 1 of the '460 patent as construed by Judge Dunst. Notably, the RPAC that Plaintiff submitted to Judge Dunst did not even include any of the "infringement claim chart[s]" that are cited in the Complaint. In fact, to date, Plaintiffs have never provided the Court with the infringement claim charts that are referenced in the RPAC. While Plaintiffs are generally not "required to attach claim charts" to their complaint, Heidary v. Amazon.com, Inc., No. 2024-1580, 2024 WL 4489918, at *4 (Fed. Cir. Oct. 15, 2024), here their absence is glaring and the RPAC is, on its own, insufficient to plausibly allege infringement of the '460 patent as construed by Judge Dunst.[6]

Plaintiffs suggest, in their objections, that the mere fact that "WiFi" is mentioned in the RPAC is sufficient to plausibly allege that Claim 1 of the '460 patent has been infringed. The Court disagrees. As Judge Dunst pointed out in his claim construction ruling, "the patent clearly intends a separate output for Internet connectivity." (Sep. 21, 2023 Tr. 9 (emphasis added).) Judge Dunst also stressed that the "460 Patent specification under the . . . field of invention clearly states [that] . . . 'The present invention relates to all outlet devices for providing power and Internet connectivity.'" (Id. at 8–9 (emphasis added).) The mere fact that "WiFi" appears in the products'

---

[6] Notably, in the draft motion to amend that Plaintiffs included with their objections, Plaintiffs asserted that their claims about these products were not futile, relying on these claim infringement charts. (ECF No. 46-2 at 12–13.) However, none of the exhibits to the draft motion included these claim infringement charts, which were the crux of Plaintiffs' argument that their claims were not futile.

9

names and the products are "wifi-enabled" is insufficient to plausibly allege that these products have an "output for Internet connectivity" and "provide[] Internet connectivity."

The mere fact that a product can itself "connect to the internet" is insufficient to allege infringement here. Plaintiffs do not plausibly allege that the "smart plug[s]" at issue, RPAC ¶¶ 23–24, include a "separate output for internet connectivity," (Sep. 21, 2023 Tr. 9). The Court agrees with Defendants that the RPAC is deficient because it fails to plausibly allege that the products at issue can "connect other devices to the internet." (ECF No. 44 at 4.) As Defendants correctly point out:

> In the "Summary of the Invention," the patent explains clearly what the "internet connection" function entails: the invention acts as a "gateway" or "hot spot" through which "internet capable devices" access the internet:
>
>> Once the network connection is established . . . **the invention will function as a gateway or "hot spot" to allow internet capable devices or other networkable devices (such as telephones) to connect to the network**. . . . Once connected the internet capable devices or other networkable devices, can be used to surf the internet, make VOIP calls and any other activity enabled by an internet or network connection.
>
> '460 Patent at 2:37-47 (emphasis added). In short, "internet connectivity" allows the invention to act as a conduit, connecting other devices ("internet capable devices") to the internet. Plaintiffs do not (and cannot) allege that the accused smart plugs possess this internet connection function; they cannot connect other devices to the internet. Accordingly, Plaintiffs' new "smart plug" infringement claim is futile . . . .

(ECF No. 44 at 4–5 (emphasis added by Defendants)).

Although Defendants repeatedly asserted these persuasive points in response to Plaintiffs' numerous attempts to amend the complaint, (ECF Nos. 41, 44), Plaintiffs made no attempt to address these points in either of their motions to amend. Even the arguments advanced for the first time in their objections fail to address these points. The Court agrees that Plaintiffs' infringement claims concerning these "smart plugs" are futile.

10

### E. Conclusion

For the reasons set out above, Plaintiffs' objections are all overruled and the Court affirms Judge Dunst's denial of Plaintiff's motion to amend on the grounds of both undue delay and futility.

**SO ORDERED.**

Dated: March 31, 2025
Central Islip, New York

               /s/ (JMA)
               JOAN M. AZRACK
               UNITED STATES DISTRICT JUDGE